J-S50034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN A. GARDNER, | |
| Appellant | No. 418 WDA 2014 |

Appeal from the PCRA Order entered February 7, 2014,
in the Court of Common Pleas of Butler County,
Criminal Division, at No(s): CP-10-CR-0000219-1995

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 11, 2014**

Steven A. Gardner ("Appellant") appeals *pro se* from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and protracted procedural history have been summarized as follows:

> On October 20, 1995, a jury convicted [Appellant] of first degree murder in connection with the January 10, 1995 shooting of a man who was renting a room in [Appellant's] trailer home in Cabot.  Appellant was sentenced to life imprisonment on October 23, 1995.  This [C]ourt affirmed the judgment of sentence on August 29, 2000, and our supreme court denied appeal on January 22, 2001.  ***Commonwealth v. Gardner***, 764 A.2d 122 (Pa. Super. 2000) (unpublished memorandum), ***appeal denied***, 576 Pa. 710, 785 A.2d 87 (2001).  We note that during the pendency of both his direct appeal and subsequent PCRA petitions, [Appellant] has repeatedly filed additional ***pro se*** PCRA petitions or similar pleadings despite the fact that he already had a petition pending.

On February 15, 2001, [Appellant] filed his first valid PCRA petition. Counsel was appointed and an amended PCRA petition was filed. A hearing was held on January 21, 2004, and the petition was ultimately denied on March 4, 2004. This [C]ourt affirmed the decision on October 24, 2006, and our supreme court denied appeal on May 18, 2007. *Commonwealth v. Gardner*, 913 A.2d 941 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 592 Pa. 765, 923 A.2d 1173 (2007).

On November 19, 2008, [Appellant] filed a second *pro se* PCRA petition. On February 10, 2011, an order was entered (dated February 9, 2011) denying [Appellant's] second PCRA petition. On February 24, 2011, Appellant filed a motion to reconsider. On March 8, 2011, the court denied the motion to reconsider. On April 5, 2011, [Appellant] filed a notice of appeal, attempting to appeal the orders entered on February 10, 2011 and March 8, 2011. This [appeal was docketed] at 733 WDA 2011.

On March 9, 2011, [Appellant] filed a third *pro se* PCRA petition. On March 25, 2011, an order was entered (dated March 24, 2011) denying [Appellant's] third PCRA petition. On April 6, 2011, [Appellant] filed a motion to reconsider. On April 7, 2011, the court denied the motion to reconsider. On May 5, 2011, [Appellant] filed a notice of appeal, attempting to appeal the orders entered on March 25, 2011 and April 7, 2011. This [appeal was docketed] at No. 1275 WDA 2011.

On August 26, 2011, Appellant filed a fourth *pro se* PCRA petition. On September 7, 2011, an order was entered (dated September 1, 2011) denying and dismissing [Appellant's] fourth PCRA petition. On September 23, 2011, [Appellant] filed a motion to reconsider. On September 30, 2011, the court entered an order (dated September 28, 2011) denying the motion to reconsider. On October 14, 2011, [Appellant] filed a notice of appeal, attempting to appeal the orders entered on September 7, 2011 and September 30, 2011. This [appeal was docketed] at No. 1681 WDA 2011.

*Commonwealth v. Gardner*, 50 A.3d 237 (Pa. Super. 2012), unpublished memorandum at 3-5 (footnotes omitted)).

On May 8, 2012, this Court addressed all three appeals together and quashed at each docket. *Gardner*, unpublished memorandum at 2. In doing so, we stated:

> Appellant has committed the same fatal error in each of the three appeals before us. In each instance, after the court below entered an order denying [his] PCRA petition, [Appellant] filed a motion to reconsider and then waited until this motion was decided before filing the notice of appeal. In each case, the notice of appeal was filed beyond 30 days after the original order was entered denying the PCRA petition, resulting in an untimely appeal. *See* Pa.R.A.P., Rule 903(a). 42 Pa.C.S.A.

> It is well-settled that a motion for reconsideration does not toll the 30-day appeal clock unless the court grants the motion within the 30-day appeal period. *Commonwealth v. Moir*, 766 1253, 1254 (Pa. Super. 2000). Otherwise, a notice of appeal must be filed within the 30-day appeal period to preserve one's appellate rights. *Id.* "Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely." *Id.*

> ***

> Since all three notices of appeal were filed beyond their respective 30-day appeal periods, all three appeals are untimely and must be quashed.

*Id.*, unpublished memorandum at 5-6.

On June 19, 2012, this Court denied Appellant's petition for reargument. On February 6, 2013, our Supreme Court denied Appellant's petition for mandamus and application to proceed *in forma pauperis*. *Commonwealth v. Gardner*, 2013 Pa. LEXIS 199.

On June 29, 2012, Appellant filed another PCRA petition, styled as an "Application For Restoration of Appellate Rights & Review," with the PCRA court. Within this filing, Appellant took issue with this Court's finding of procedural error, and sought the reinstatement of his right to file his appeals because we did not rule on their merits. According to Appellant, his procedural missteps constituted "harmless error," which this Court should have overlooked. Subsequently, on November 9, 2012, Appellant filed with the PCRA court a "Motion to Advance or Rule on Application for Restoration of Appellate Rights & Review." Although the PCRA court had yet to take action on Appellant's latest filings, Appellant, on November 29, 2012, filed a notice of appeal to this Court.

On December 19, 2012, the PCRA court, construing Appellant's 2012 filings as requests for post-conviction relief, and believing that two of Appellant's 2011 appeals were still pending, entered an order denying Appellant's requests without prejudice. *See* Order of Court, 12/19/12 (citing ***Commonwealth v. Jones***, 811 A.2d 944, 1008 (Pa. 2002); ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000)). That same day, the PCRA court entered an order in which it noted Appellant's most recent appeal and requested a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Subsequently, both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In a judgment order entered July 8, 2013, this Court quashed Appellant's appeal. By doing so, we noted that Appellant filed his appeal

prematurely because no appealable order had been entered upon the docket, and because the PCRA court's subsequent order [dismissing Appellant's petition without prejudice] did not "cure this basic jurisdiction requirement." *See Commonwealth v. Gardner*, 82 A.3d 1059 (Pa. Super. 2013), at 2. On August 15, 2013, this Court denied Appellant's petition for reargument and/or reconsideration.

Undaunted, on September 6, 2013, Appellant filed another PCRA petition, styled as an "Application for Restoration of Appellate Rights & Review [Nunc Pro Tunc]", in which he repeated his claims regarding "harmless error" and sought the restoration of his PCRA appellate rights. Appellant further asserted that his latest filing was timely because it was filed "within the 60 day RULE: *Commonwealth v. Beasley*, 741 A.2d 1259 [(Pa. 1999)]".

On December 20, 2013, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's latest PCRA petition without a hearing because it was untimely and Appellant had not established any exception to the PCRA's time bar. Appellant filed his response on January 13, 2014. By order entered February 7, 2014, the PCRA court dismissed Appellant's latest petition. On February 14, 2014, Appellant filed a motion for reconsideration, which the PCRA court denied on March 11, 2014. Learning from his past mistakes, Appellant also filed a timely appeal to this Court on March 3, 2014. Subsequently, both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011 (Pa. Super. 2001). Because this is not Appellant's first petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Commonwealth v. Burkhardt**, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." **Id.**

Appellant seeks to reinstate his right to appeal and have his previously-filed triad of PCRA petitions considered on their merits. Before

doing so, we must determine whether the PCRA court properly determined that Appellant's latest filing was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not

be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a writ of certiorari to the United States Supreme Court following our Supreme Court's denial of his petition for allowance of appeal on January 22, 2001, his judgment of sentence became final on or about April 23, 2001, when the ninety-day time period for filing a writ of certiorari with the United States Supreme Court expired. ***See*** U.S.Sup.Ct.R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file the instant petition by April 23, 2002, in order for it to be timely. As Appellant filed the instant petition on September 6, 2013, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. ***See*** 9545(b)(1)(i-iii). Instead, within his brief, Appellant cryptically asserts that all of his previously filed PCRA motions "were filed within the time exceptions of 42 Pa.C.S.A. § 9545 (b)(1)(ii) – the 60 day rule[,]" without further explanation. Appellant's Brief at 10 (underline omitted). According to Appellant, his "past error towards filing a tardy notice of appeal should be excused as he was on the mistaken impression"

- 8 -

that the filing of a motion for reconsideration would toll the thirty-day appeal period. Appellant's Brief at 10. We disagree. Appellant cannot rely on his own ineffectiveness as a basis for satisfying a PCRA time bar exception. ***See generally*** 42 Pa.C.S.A. (b)(4) (providing that "government officials" shall not include defense counsel); ***Commonwealth v. Crews***, 863 A.2d 498 (Pa. 2004).

In sum, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's substantive issues raised in his latest filing. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014